IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PISTONE AND CAROLYN PISTONE,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, N.A., SELECT PORTFOLIO SERVICES, INC., NATIONAL DEFAULT SERVICES CORPORATION, U.S. BANK, N.A., trustee on behalf of HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST 2005-12, AUCTION.COM, AND DOES 1–100,<br><br>    Defendants.<br>                                                / | No. C 14-04581 WHA<br><br>**ORDER GRANTING MOTION TO EXPUNGE NOTICE OF LIS PENDENS; GRANTING MOTION FOR ATTORNEY'S FEES AND GRANTING REQUEST FOR JUDICIAL NOTICE** |

**INTRODUCTION**

Defendants move to expunge a notice of *lis pendens* and for an award of $1,327.50 in attorney's fees incurred in bringing this motion. For the following reasons, the motion to expunge is **GRANTED**. The motion for attorney's fees is **GRANTED**, and must be paid by Attorney John Fennacy rather than his clients. The request for judicial notice is **GRANTED**.

**STATEMENT**

Plaintiffs Martin and Carolyn Pistone, through their counsel, Attorney John Fennacy, filed a complaint in Sonoma County Superior Court against defendants Countrywide Home Loans, Inc., National Default Services Corporation, and U.S. Bank, N.A. challenging the foreclosure of their

1  home. The Pistones sought to enjoin a trustee's sale of 14 Hilligoss Court in Petaluma, California.
2  The Pistones recorded a notice of *lis pendens* in Sonoma County with respect to the property,
3  Assessor's Parcel Number 006-660-004-000 (Def. Exh. 1; Dkt. No. 1-1).[*]

4  The Pistones then filed a first-amended complaint adding defendants Bank of America,
5  N.A., Select Portfolio Services, Inc., Nationstar Mortgage, Inc., and Auction.com. Defendants
6  removed it here. Defendants moved to dismiss the first-amended complaint. The Pistones did not
7  oppose the motion and voluntarily dismissed the action without prejudice in December 2014 (Dkt.
8  Nos. 1; 1-2; 23).

9  Because the Pistones dismissed the action, defendants sought to remove the notice of *lis*
10 *pendens*. Attorney Kimberly Paese, counsel for defendants, sent Attorney Fennacy a notice of
11 voluntary withdrawal of *lis pendens* for Attorney Fennacy to sign and return. Attorney Paese
12 received a signed copy of the notice via email that same day. Attorney Paese wished to record a
13 signed original and contacted Attorney Fennacy several times requesting as much. Attorney Paese
14 never received a signed original. Defendants then moved to expunge the notice of *lis pendens* and
15 for $1,327.50 in attorney's fees. The Pistones did not file a response to this motion (Paese Decl. ¶¶
16 1–7).

17 Due to plaintiffs' failure to respond, the undersigned judge issued an order to show cause as
18 to why Attorney Fennacy failed to return a signed original notice of voluntary withdrawal of *lis*
19 *pendens*, why he should not pay all attorney's fees and costs associated with the motion, and why
20 he should not be referred to our state bar (Dkt. No. 26). An order to show cause hearing was
21 originally scheduled May 28, 2015. A week before the order to show cause hearing was set to
22 occur, the hearing was moved to May 27. Attorney Fennacy was electronically served with notice
23 of the change in schedule. Despite this, Attorney Fennacy failed to appear at the order to show
24 cause hearing.

---

[*] Pursuant to Federal Rule of Evidence 201, defendants request that judicial notice be taken of the notice of *lis pendens* recorded on September 3, 2014 (Dkt. No. 25). The document is a matter of public record and the proper subject of judicial notice. The request for judicial notice is granted.

2

**ANALYSIS**

This order expunges the notice of *lis pendens* because there is no longer any pending litigation. Federal courts look to the law of the state where the property resides in matters concerning *lis pendens*. *See* 28 U.S.C. 1964. In California, "a party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." California Code of Civil Procedure § 405.20. Once a notice has been recorded, any party may ask the court in which the action is pending to expunge the notice of *lis pendens*. The notice will be expunged if the pleading on which the notice is based does not allege a real-property claim or, if such a claim is alleged, if the plaintiff cannot establish the probable validity of the real-property claim by a preponderance of the evidence. *See* California Code of Civil Procedure §§ 405.30–32.

The Pistones voluntarily dismissed their complaint which means that there is no longer a real-property claim pending. Similarly, the Pistones cannot establish the probable validity of a real-property claim because there is no claim. Accordingly, the notice of *lis pendens* shall be expunged.

Defendants also request attorney's fees incurred in preparing the instant motion. Under California Code of Civil Procedure Section 405.38:

> The court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust.

Although Attorney Fennacy attempted to cooperate by signing and promptly returning the withdrawal notice, his duties did not end there. As stated above, Attorney Fennacy failed to respond to Attorney Paese's several attempts to have him sign an original of the withdrawal of *lis pendens*. Then, he failed to file a response to the instant motion. The undersigned judge provided Attorney Fennacy with one last opportunity to explain himself at the order to show cause hearing. Attorney Fennacy failed to show up. Therefore, this order awards attorney's fees in the amount of $1,327.50, to be paid by Attorney Fennacy and not his clients.

Because of the troubling professional nature of Attorney Fennacy's actions, the **CLERK IS HEREBY ORDERED TO REFER ATTORNEY JOHN FENNACY TO THE STATE BAR**. Additionally, in accordance with Civil Local Rule 11–6, the **CLERK SHALL REFER THIS MATTER TO THE NORTHERN DISTRICT OF CALIFORNIA'S STANDING COMMITTEE ON PROFESSIONAL CONDUCT**.

**CONCLUSION**

For the reasons stated herein, the motion to expunge the notice of *lis pendens* is **GRANTED**. The motion for attorney's fees is **GRANTED,** and must be paid by Attorney Fennacy rather than his clients. The request for judicial notice is **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 27, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4